| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRIS JAMES, an individual, | | CASE NO. 08-CV-2220 W (POR) |
| | Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING MOTION TO STRIKE** (Doc. No. 20.) |
| vs. | | |
| CHASE BANK USA, N.A., and DOES 1–10, inclusive, | | |
| | Defendants. | |

Pending before the Court is Defendant Chase Bank USA, N.A.'s ("Chase Bank") motion to dismiss Plaintiff Chris James' ("Plaintiff") Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike pursuant to Rule 12(f). (Doc. No. 20.) Plaintiff has opposed the motion. (Doc. No. 14.) The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d.1)  And for the reasons stated below, the Court **GRANTS** Chase Bank's motion.

## I. BACKGROUND

Plaintiff was the owner of a Chase Bank credit card. (SAC. ¶ 7.) During an unspecified time period, prior to September 2007, Plaintiff incurred a "debt" on that credit card as that term is defined by Cal. Civ. Code § 1788.2(d). (*Id.* at ¶ 14.) During September 2007, Plaintiff retained the Doan Law Firm to assist him in obtaining bankruptcy protection. (*Id.* at ¶ 15.) And on September 27, 2007, Attorney Michael Doan sent a letter to Chase Bank on behalf of Plaintiff. (SAC. *Exh* A.) The letter instructed Chase Bank to "cease and desist any and all future communications" with Plaintiff in regards to his credit card debt, pursuant to California Civil Code Section 1788.17 and 15 U.S.C. Section 1692. (*Id.*) Instead, all future communications and correspondence were to be sent directly to the Doan Law Firm. (*Id.*)

Plaintiff alleges that, despite having received the "cease and desist" letter, Chase Bank continued to communicate with Plaintiff for seven months by sending him, for example, a letter and six billing statements. (SAC. ¶ 45, *Exh B.*)

On July 22, 2008, Plaintiff filed the instant lawsuit in San Diego Superior Court. (Doc. No. 1.) Chase Bank removed the case to this Court and has now moved to dismiss the Second Amended Complaint. (*Id.*; Doc. No. 20.)

## II. LEGAL STANDARD

### A. MOTION TO DISMISS

Rule 12(b)(6) allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). In essence, a motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See North Star Int'l. v. Arizona Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of a claim according to this rule is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory,

1 | or (2) insufficient facts under a cognizable theory. <u>Robertson v. Dean Witter Reynolds,
2 | Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).

3 |   As the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 1964–65.

  However, the court must assume the truth of all factual allegations and must "construe them in the light most favorable to the nonmoving party." <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893, 895 (9th Cir. 2002). Additionally, all material allegations in the complaint, "even if doubtful in fact," are assumed to be true. <u>Id.</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). The complaint and all reasonable inferences therefrom are construed in the plaintiff's favor. <u>Walleri v. Fed. Home Loan Bank of Seattle</u>, 83 F.3d 1575, 1580 (9th Cir. 1996). Nevertheless, conclusory legal allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. <u>Ove v. Gwinn</u>, 264 F.3d 817, 821 (9th Cir. 2001).

## B. MOTION TO STRIKE

  Rule 12(f) provides that a federal court may strike from the pleadings any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial. <u>Sidney-Vinstein v. A.H. Robins Co.</u>, 697 F.2d 880, 885 (9th Cir. 1983); <u>Chong v. State Farm Mut. Auto. Ins. Co.</u>, 428 F.Supp.2d 1136, 1139 (S.D. Cal. 2006). Rule 12(f) motions "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic."

1  Neilson v. Union Bank of Cal., N.A., 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003).
2  Thus, courts generally grant a motion to strike only where "it is clear that the matter to
3  be stricken could have no possible bearing on the subject matter of the litigation."
4  LeDuc v. Kentucky Cent. Life Ins. Co.,814 F.Supp. 820, 830 (N.D. Cal. 1992).

## III. DISCUSSION

The SAC contains six causes of action. (SAC) Chase Bank has moved to dismiss the first and sixth causes of action. They have also moved to strike a reference to a specific letter that was sent to Plaintiff. For the reasons stated below, the Court **GRANTS** the motion to dismiss and **DENIES** the motion to strike.

### A. Chase Bank's Motion to Dismiss is Granted.

As mentioned above, Chase Bank has moved to dismiss the first and sixth causes of action. The Court will address them separately.

#### 1. Plaintiff's First Cause of Action - Under 15 U.S.C. § 1692b(6)

15 U.S.C. § 1692b(6) prohibits a debt collector from communicating with third-persons other than the consumer's attorney when the debt collector knows the consumer is represented by an attorney, "for the purpose of acquiring location information about the consumer...."

Chase Bank has moved to dismiss Plaintiff's Section 1692b claim because it fails to state a claim upon which relief can be granted. Specifically, Chase Bank argues that none of the allegedly improper communications were attempts to solicit location information. (Doc. No. 20 at 8.)

In opposition, Plaintiff has agreed to voluntarily dismiss his Section 1692b(6) cause of action. (Doc. No. 21 at n.1) However, Plaintiff wishes to reserve the right to amend the SAC if during the course of discovery third-party contacts are revealed. (*Id.*)

Accordingly, the Court **GRANTS** the motion and **DISMISSES** Plaintiff's first cause of action. Plaintiff may request leave to amend at a future date if good cause exists.

### 2.  Plaintiff's Sixth Cause of Action - Libel

Plaintiff's sixth cause of action is based upon communications that Chase Bank made with the three credit reporting bureaus (Experian, Equifax, and Transunion). (*SAC* ¶¶ 95–98.) Specifically, Plaintiff claims that Chase Bank falsely reported that Plaintiff's credit card account was not in dispute. According to Plaintiff, these false representations constitute a willful and intentional violation of California Civil Code Section 1785.25(a). (*Id.* at ¶ 96.)

The problem with this allegation – as Chase Bank points out – is that Plaintiff's *fourth* cause of action is also an alleged violation of Section 1785.25(a), regarding the same communications to the credit bureaus. (*Id.* at ¶¶ 86–90.) Thus, the Court is left with the impression that the sixth cause of action is either a duplicitous claim or was perhaps intended to be an independent tort-claim for libel.

In opposition, Plaintiff does not address why his libel claim is being asserted under Section 1785.25(a). Instead, Plaintiff simply argues that his sixth cause of action is proper because claims under Section 1785.25(a) are not preempted by the Federal Fair Credit Reporting Act ("FCRA"). On that legal issue, Plaintiff is correct. See <u>Gorman v. Wolpoff & Abramson, LLP</u>, 584 F.3d 1147, 1172–1773 (9th Cir. 2009). Even Chase Bank agreed that Section 1785.25(a) is not preempted by the FCRA. (Doc. No. 22 at 4, n.1.) Without more, however, the Court is still confused as to why Plaintiff is asserting two different claims under Section 1785.25(a).

More importantly, until Plaintiff has clarified the sixth cause of action, Chase

Bank is unable to assert the applicable legal defenses. For example, a claim for libel and a claim under Section 1785.25 have different elements. They also have different statutes of limitations.[1]

In sum, the Court finds that Plaintiff's sixth cause of action for libel fails to state a cognizable legal theory and must be dismissed. Robertson, 749 F.2d at 534. Accordingly, the Court **GRANTS** Chase Bank's motion and **DISMISSES** Plaintiff's sixth cause of action **WITH LEAVE TO AMEND**.[2]

**B.     Chase Bank's Motion to Strike Is Denied.**

Chase Bank has also moved to strike any reference to a letter that Chase Bank sent directly to Plaintiff on November 10, 2007. Generally, the letter indicates that Chase Bank had decreased Plaintiff's credit limit. (Doc. No. 20, *Exh B*.) Chase Bank argues that sending the letter was required by federal law, and thus, can not serve as the basis or support for any alleged violation of the California Fair Debt Collection Practices Act ("FDCPA"). (Doc. No. 20 at 4.) Therefore, any reference to it should be stricken.

In opposition, Plaintiff essentially makes two arguments. First, Plaintiff maintains that the November 10th letter was a violation of Cal. Civ. Code § 1788.17. Second, Plaintiff asserts that Chase Bank could have avoided the alleged conflict between meeting its federal statutory requirements and the FDCPA by simply sending the letter to the Doan Law Firm. (Doc. No. 21 at 4–8.) The Court agrees that Chase Bank's

---

[1] Libel is defined by California Civil Code § 45. The statute of limitations for libel is one year. See Cal. Code. Civ. P. § 340. In contrast, California Civil Code § 1785.25(a) has a separate definition and has a statute of limitations of two years. See Cal. Civ. Code § 1785.33.

[2] Of note, it is unclear as to whether Plaintiff may actually assert a claim for libel. The Ninth Circuit recently described the question of whether a libel claim was preempted by the FCRA as "difficult issue of first impression." Gorman, 584 F.3d at 1155. After discussing the applicable law, the Ninth Circuit declined to decide the issue. Id. at 1167. Instead, the Ninth Circuit simply determined that even if his claim was not preempted, the plaintiff had not introduced sufficient evidence to survive a motion for summary judgment on his libel claim. Id. at 1167–1170.

1  request is premature.
2      Chase Bank has made a compelling argument. However, motions to strike are generally disfavored. The determination that Chase Bank seeks is typically addressed on a motion for summary judgment. <u>Terran v. Kaplan</u>, 109 F.3d 1428, 1432 (9th Cir. 1997)(where the court cites more than four cases where similar determinations were made on summary judgment); <u>see also</u> <u>Wade v. Regional Credit Ass'n</u>, 87 F.3d 1098 (9th Cir. 1996).

    At this stage in the proceedings, the Court is unwilling to find that the November 10th letter "could have no possible bearing on the subject matter of the litigation." <u>LeDuc v. Kentucky Cent. Life Ins. Co.</u>,814 F.Supp. 820, 830 (N.D. Cal. 1992); <u>see also</u> Fed. R. Civ. P. 12(f).

    Accordingly, the Court will **DENY** Chase Bank's motion to strike.

### IV. CONCLUSION

In light of the foregoing, the Court :

1. **GRANTS** the motion to dismiss the first and sixth causes of action. Plaintiff is only granted **LEAVE TO AMEND** in regards to the sixth cause of action. To clarify, Plaintiff may choose to proceed without his sixth cause of action, or he may amend and plead a tort claim for libel. No other amendments to the SAC will be permitted. If Plaintiff chooses to file a Third Amended Complaint, he must do so on or before <u>**Monday, August 9, 2010.**</u>

2. **DENIES** the motion to strike.

**IT IS SO ORDERED**.

DATED: August 4, 2010

_____
Hon. Thomas J. Whelan
United States District Judge